UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIANJUN XU, *et al.*, | ) | Case No. 1:25-cv-01423 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| LAUREN HICKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **OPINION AND ORDER**

Plaintiff Jianjun Xu filed an action in State court seeking to evict Defendant Lauren Hicks from a residence in Solon, Ohio. Plaintiff alleges that Ms. Hicks is occupying his property without his consent or legal authority to do so. Defendant removed the case to federal court. In an Opinion and Order dated July 9, 2025, the Court determined that it lacked subject-matter jurisdiction over this action and remanded the case to the municipal court. Defendant seeks reconsideration of that ruling and vacatur of the municipal court's order dated July 11, 2025.

## ANALYSIS

Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice." *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). "Clear error arises most commonly from either misapplication of law or an intervening change in controlling precedent." *Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 824 (N.D. Ohio 2021). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Defendant seemingly bases her motion for reconsideration on the third prong, alleging that the Court committed clear error in its Order and that reconsideration is necessary to prevent manifest injustice. *Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389. Specifically, she claims that the Court committed "manifest legal and factual error" because: (1) the Order "failed to adjudicate substantial federal claims

raising constitutional deprivations" under 42 U.S.C. § 1983 and due process under the Fifth and Fourteenth Amendments; (2) the Order failed to address "the violation of Petitioner's procedural rights under 28 U.S.C. § 1446(d)"; and (3) the "manifest injustice and irreparable harm that would result from enforcing a state default judgment issued post-removal while constitutional questions remain unresolved." (ECF No. 7, PageID #63–64.)

Also, in the introduction of the motion, Defendant argues that "the Order was issued prematurely." (*Id.*, PageID #63.) But she does not return to or develop that argument later in briefing. In any event, the Court has an independent obligation to examine its own jurisdiction. So its ruling was not premature. Removal triggered the Court's obligation to determine whether it had jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). The Court addresses the remaining arguments in turn.

I. **Federal Question Jurisdiction**

To determine whether federal jurisdiction exists, courts rely on the well-pleaded complaint rule. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Whether a claim arises under federal law turns on the well-pleaded allegations of the complaint and ignores potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Because the plaintiff is the master of the complaint, if he or she chooses to assert claims under State law alone, that claim will generally not be re-characterized as a federal claim for purposes of removal. *Loftis*, 342 F.3d at 515

3

(citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). A case may not be removed on the basis of a federal defense, including preemption, even if the complaint anticipates the defense and the defense presents the only question truly at issue. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

### I.A.  Plaintiff's Complaint

Defendant claims that her "pleading asserted claims arising under federal law." (ECF No. 7, PageID #66.) She alleges that she included claims regarding "[d]eprivation of property without due process in violation of the Fifth and Fourteenth Amendment and 42 U.S.C. § 1983." (*Id.*) But a review of the four corners of the complaint and notice of removal shows that these claims were not included. (*See* ECF No. 1-1; ECF No. 1.) Indeed, Defendant appears to raise these claims for the first time in her motion for reconsideration.

Defendant has not provided any reason why these arguments were not available to her when she removed the case to federal court. The Court is well within its discretion to deny Defendant's motion for reconsideration based on arguments that were available at the time of its previous ruling. *Emmons*, 874 F.2d at 358. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374 (citing *FDIC*, 978 F.2d at 16). Further, as the Court previously observed, Defendant's citation to Rule 42(a), 42 U.S.C. § 1437(d), and 24 C.F.R. § 966.53(c)(3) do not confer jurisdiction. (ECF No. 3, PageID #25–26.)

**I.B.  Federal Defenses**

Defendant maintains that her pleading included allegations regarding "statutorily misapplied eviction" and "[u]se of state court power to execute a private eviction without valid standing, assignment, or title."  (ECF No. 7, PageID #66.)  However, she previously made no argument regarding how a federal question might be involved in the resolution of the single State-law cause of action in the complaint.  (ECF No. 3, PageID #27.)  Instead, for the first time in her reconsideration motion, Defendant claims that the Court disregarded her position that "[f]ederal law preempts unlawful use of State processes to evict based on federally regulated loans" and that the case "implicates federal mortgage law and the unauthorized actions of parties under color of state law."  (ECF No. 7, PageID #67.)  Further, Defendant includes a "memorandum in support of federal jurisdiction over State foreclosure statutes and mortgage enforcement actions."  (ECF No. 7-1.)  This memorandum cites, among other things, the Fair Debt Collection Practices Act, the Truth in Lending Act, and federal statutes governing the formation of national banking associations.  (*Id.*)  Again, all of these arguments were available to Defendant at the time of removal, yet Defendant did not make them.  Even if she did, these defenses do not appear on the face of Plaintiff's complaint, and the Court remains satisfied that there is no federal question arising out the State-law eviction claim in the complaint.  (ECF No. 3, PageID #27.)

Defendant provides a conclusory allegation that her "claims arise under federal law and provide independent grounds for jurisdiction," generally citing *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

5

(ECF No. 7, PageID #66.) But that case involved the validity of a federal lien arising from tax litigation involving the Internal Revenue Service. That question, the Supreme Court held, presented a substantial federal question invoking the jurisdiction of the federal courts under Section 1331. It has no application on the record this case presents. Nor does it demonstrate clear error. *Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389. Because the Court lacks subject-matter jurisdiction over this action, it declines to schedule a status conference, oral argument, or evidentiary hearing.

**II. Removal**

Defendant claims that "[t]he state court had no authority to proceed post-removal" when it issued its July 11, 2025 default judgment. (EFC No. 7, PageID #66–67.) Defendant correctly observes that the filing of a notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). However, the Court remanded the case to the municipal court two days before it entered its default judgment. (ECF No. 3.) Therefore, the municipal court had jurisdiction when it issued its default judgment on July 11, 2025. It is unclear to the Court how its "subsequent remand overlooked these critical defects" of the State court's default judgment on July 11, 2025 when it entered its ruling on July 9, 2025. (ECF No. 7, PageID #64.) Again, there is no clear error justifying reconsideration. *Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

### III. Manifest Injustice

Defendant argues that manifest injustice warrants reconsideration because the enforcement of an eviction order causes "[i]rreparable harm by depriving a woman of shelter without due process; [d]isregard for federal supremacy and removal procedures; [and a] violation of procedural rights and the spirit of 42 U.S.C. § 1983." (ECF No. 7, PageID #68.) Further, she claims that "[n]o adequate state remedy can cure the loss of shelter from a wrongful eviction." (*Id.*) "Before the government can evict a person form her house, the Fourteenth Amendment's Due Process Clause generally requires that the government give the person both notice and a hearing to contest the eviction." *Fitzpatrick v. Hanney*, 138 F.4th 991, 997 (6th Cir. 2025) (citing *Flatford v. City of Monroe*, 17 F.3d 162, 167 (6th Cir. 1994)).

Defendant represents that this case has some relationship to *Hicks v. PennyMac Loan Services, LLC*, No. 1:25-cv-01053 (N.D. Ohio). (*See* ECF No. 7, PageID #63.) "[F]ederal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)). Included in the record of that case is the foreclosure docket sheet, which demonstrates that Defendant received both notice and a hearing regarding the same property at issue. *See Hicks v. PennyMac Loan Services, LLC*, No. 1:25-cv-01053, (ECF No. 3-1; ECF No. 3-2); *PennyMac Loan Svcs., L.L.C. v. Hicks*, Cuyahoga CP. No. CV-23-984447.

Contrary to her claim, Defendant has received and is receiving due process in State court. She might not like the results. But she may not use this federal forum in an effort to interfere with or thwart the lawful jurisdiction of the courts of a

7

separate sovereign. Accordingly, the Court determines that there is no manifest injustice resulting from its order remanding the action. To the extent that Defendant disagrees with the Court's decision, that "is not a viable basis for arguing that manifest injustice will result." *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-CV-00680, 2015 WL 1000444, at *4 (S.D. Ohio Mar. 5, 2015) (citations omitted). "Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion." *Gore v. AT & T Corp.*, No. 2:09-CV-854, 2010 WL 3655994, at *1 (S.D. Ohio Sept. 14, 2010) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration. (ECF No. 7.)

**SO ORDERED.** Dated: July 18, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8